**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. NHU HUYNH TRAN MAI,<br><br>      Plaintiff,<br><br>v.<br><br>1. ALLSTATE VEHICLE & PROPERTY<br>   INSURANCE COMPANY, A Foreign<br>   For Profit Insurance Corporation,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.   CIV-16-194-M<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### A.   Parties

1. Plaintiff, Nhu Huynh Tran Mai, is a citizen of the State of Oklahoma.

2. Defendant, Allstate Vehicle & Property Insurance Company, is a foreign, for-profit insurance corporation incorporated and organized under the laws of the State of Illinois.

3. The principal place of business for Defendant, Allstate Vehicle & Property Insurance Company, is within the State of Illinois.

4. The Defendant, Allstate Vehicle & Property Insurance Company, is licensed to conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5. This action is not related to any other case filed in this court.

## B. Jurisdiction

6. The court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 as there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

7. At all times material hereto, the Plaintiff, Nhu Huynh Tran Mai, owned a home located at 12808 Rohan Court, in Oklahoma City, Oklahoma.

8. On or about March 25, 2015, Plaintiff's home was damaged as the result of wind and hail.

9. At all times material hereto, the Plaintiff, Nhu Huynh Tran Mai, was insured under the terms and conditions of a homeowners insurance policy, policy No. 985 602 523, issued by the Defendant, Allstate Vehicle & Property Insurance Company.

10. At all times material hereto, Plaintiff, Nhu Huynh Tran Mai, complied with the terms and conditions of her insurance policy.

11. The Plaintiff's wind and hail damages are covered perils not otherwise excluded pursuant to the terms and conditions of the policy issued by the Defendant, Allstate Vehicle & Property Insurance Company.

## D. Count I Breach of Contract

12. Plaintiff, Nhu Huynh Tran Mai, hereby asserts, alleges and

incorporates paragraphs 1-11 herein.

13. The property insurance policy No. 985 602 523, issued by the Defendant, Allstate Vehicle & Property Insurance Company was in effect on March 25, 2015.

14. The acts and omissions of the Defendant, Allstate Vehicle & Property Insurance Company, in the investigation, evaluation and denial of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought.

15. Defendant's breach of contract includes, but is not limited to, a failure to issue adequate and full payment to Plaintiff for the covered damages to her home. Defendant refused to replace Plaintiff's roofing system with a roofing system of like kind and quality and refused to adequately adjust and issue payment for damages to the interior of Plaintiff's home.

16. Instead of issuing payment to replace the Plaintiff's damaged Certainteed Independence Designer shingles with material of like kind and quality, Defendant unreasonably utilized a lower quality and less expensive line item within the Xactimate estimating platform. The improper line item shingle utilized by Defendant does not accurately describe the quality, life expectancy, or replacement cost of Plaintiff's damaged shingles and resulted in a significant underpayment to the Plaintiff. Plaintiff pointed out these deficiencies to Defendant numerous times

and invited Defendant's representatives to reinspect the property. Further, Plaintiff submitted a sworn statement in proof of loss for the appropriate amount of the damage to the property. Defendant unreasonably rejected Plaintiff's proof of loss, denied Plaintiff's request for supplemental payment, and refused to so much as reinspect the Plaintiff's property to verify the accuracy of its scope of work.

### E. Count II Bad Faith

17. Plaintiff, Nhu Huynh Tran Mai, hereby asserts, alleges and incorporates paragraphs 1-16 herein.

18. The above mentioned acts and omissions of the Defendant, Allstate Vehicle & Property Insurance Company, in the investigation, evaluation, and denial of Plaintiff's claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought.

19. Defendant's unreasonable, bad faith conduct includes, but is not limited to, a failure to issue adequate and full payment to Plaintiff for the covered damages to her home. Defendant refused to replace Plaintiff's roofing system with a roofing system of like kind and quality and refused to adequately adjust and issue payment for damages to the interior of Plaintiff's home.

20. Instead of issuing payment to replace the Plaintiff's damaged Certainteed Independence Designer shingles with material of like kind and quality, Defendant unreasonably utilized a lower quality and less expensive line item within the

Xactimate estimating platform. The improper line item shingle utilized by Defendant does not accurately describe the quality, life expectancy, or replacement cost of Plaintiff's damaged shingles and resulted in a significant underpayment to the Plaintiff. Plaintiff pointed out these deficiencies to Defendant numerous times and invited Defendant's representatives to re-inspect the property. Further, Plaintiff submitted a sworn statement in proof of loss for the appropriate amount of the damage to the property. Defendant unreasonably rejected Plaintiff's proof of loss, denied Plaintiff's request for supplemental payment, and refused to so much as re-inspect the Plaintiff's property to verify the accuracy of its scope.

### F. Count III Punitive Damages

21.     Plaintiff, Nhu Huynh Tran Mai, hereby asserts, alleges and incorporates paragraphs 1-20 herein.

22.      The unreasonable conduct of the Defendant, Allstate Vehicle & Property Insurance Company, in the handling of Plaintiff's claim was intentional, willful, wanton, and was committed with a reckless disregard for the rights of the Plaintiff for which punitive damages are hereby being sought.

### G. Demand for Jury Trial

23.     The Plaintiff, Nhu Huynh Tran Mai, hereby requests that the matters set forth herein be determined by a jury of her peers.

## H. Prayer

24. Having properly plead, Plaintiff, Nhu Huynh Tran Mai, hereby seeks contractual, bad faith and punitive damages against the Defendant, Allstate Vehicle & Property Insurance Company, all in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
McGrew, McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEYS FOR THE PLAINTIFF**